UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HAROLD LEE WILSON, II,

        Plaintiff,                        Case No. 1:09-cv-624

v.                                         Honorable Paul L. Maloney

LLOYD RAPELJE et al.,

                                        **ORDER OF TRANSFER**

        Defendants.

_____/

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Boyer Road Correctional Facility, though the actions he complains of occurred while he was housed at the Saginaw Correctional Facility (SRF). Plaintiff sues MDOC Director Patricia Caruso, MDOC Deputy Director Dennis Straub and Director of the MDOC Office of Policy and Hearings Richard Stapleton, together with the following SRF employees: Warden Lloyd Rapelje; Assistant Deputy Warden Val Chaplin; Deputy Warden O.T. Wynn; Director of Health Services Susan McCulley; Hearings Investigator Scott Freed; Sergeant "Jane" Hawkin; Nurse "John" Turner; and Sergeant R. Nelson. In his *pro se* complaint, Plaintiff alleges that he was wrongfully charged and convicted of a major misconduct for selling prescription drugs.

        The events giving rise to Plaintiff's action occurred at the Saginaw Correctional Facility, which is located in Saginaw County. Saginaw County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which

a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). With the exception of Defendants Caruso, Straub and Stapleton, all Defendants are public officials serving in Saginaw County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

Plaintiff's claims against Defendants Caruso, Straub and Stapleton, who reside in the Western District of Michigan for purposes of the venue statute, fail to state a claim. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Plaintiff fails to make specific factual allegations against Defendants Caruso, Straub and Stapleton, other than his claim that they failed to properly supervise SRF employees and/or failed to properly review Plaintiff's appeal of his misconduct conviction. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Caruso, Straub and Stapleton engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff's allegations against the remaining Defendants arose in Saginaw County, where Defendants allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS ORDERED** that Plaintiff's claims against Defendants Caruso, Straub and Stapleton are **DISMISSED** with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the remaining Defendants be **TRANSFERRED** to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).


Dated:  July 28, 2009                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              Chief United States District Judge