UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD LEE WILSON II, #325150,

    Plaintiff,                                    CIVIL ACTION NO. 09-13030

    v.                                           DISTRICT JUDGE AVERN COHN

LLOYD RAPELJE, VAL CHAPLIN,        MAGISTRATE JUDGE MARK A. RANDON
O.T. WYNN, SUSAN McCULLEY,
SCOTT FREED, JANE HAWKIN,
JOHN TURNER and R. NELSON,

    Defendants.
                                  /

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS RAPELJE, CHAPLIN, MCCAULEY, FREED, HAWKINS, TURNER AND NELSON'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 22)**

**I. INTRODUCTION**

Plaintiff, Harold Wilson II, a Michigan prisoner proceeding *pro se*, brought suit under 42 U.S.C. §1983 alleging that several officials and employees of the Michigan Department of Corrections ("MDOC") violated his Fourteenth Amendment right to due process regarding a prison disciplinary hearing. Plaintiff claims he was denied a fair and impartial hearing primarily because a confidential informant's ("CI") anonymous statement was used against him without a finding by the hearing officer that the statement was credible. After the hearing, Plaintiff was found guilty of a major misconduct.

Before the Court is the motion for summary judgment of Defendants Rapelje, Chaplin, McCauley, Freed, Hawkins, Turner and Nelson (collectively "Defendants") (Dkt. No. 22)

-1-

Defendants move for dismissal on three grounds: 1) that Plaintiff's claims are barred by the defense of qualified immunity because: a) the discipline imposed did not subject Plaintiff to a longer prison sentence requiring due process protections, and b) the hearing did comply with the requirement of due process; 2) that Plaintiff failed to demonstrate the personal involvement of Rapelje, Chaplin and McCauley in any alleged due process violation; and 3) that Plaintiff's official capacity claims are barred by Eleventh Amendment immunity. Defendants' motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and has been fully briefed. (Dkt. Nos. 22 and 28) Since the undersigned finds that the major misconduct finding against Plaintiff does not implicate federal due process protections – rendering Defendants' remaining arguments moot – **IT IS RECOMMENDED** that the Defendants' motion be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

## II. BACKGROUND

Plaintiff was confined at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan, at all times relevant to this action. He is currently confined at the Florence Crane Correctional Facility ("ACF") in Coldwater, Michigan.

On April 19, 2009, Defendant Turner, a registered nurse at ARF, was reviewing prisoner Health Care requests when he came upon an unsigned Health Care request form stating that Plaintiff was selling his medication in the housing unit. The anonymous request form described the pills allegedly being sold by Plaintiff as "small" and "blue." (Dkt. No. 22, Ex. A) After confirming that Plaintiff was being prescribed a small blue pill called "Bentyl," Nurse Turner discussed the allegation with Plaintiff. *Id.* Plaintiff denied selling his Bentyl pills and claimed that he did not have

any pills, because Health Care had not dispensed any to him for the past two months (since about February 2009). *Id.*

Contrary to Plaintiff's claim, according to Health Care records, 90 Bentyl pills were dispensed to Plaintiff on April 7, 2009. Therefore, Nurse Turner determined that, as of the date of the anonymous request form – April 19, 2009 – Plaintiff should have been in possession of approximately 60 pills.[1] *Id.* Plaintiff's cell was searched but the medication recently dispensed to Plaintiff was not found among his possessions. Nurse Turner stated these findings in a misconduct report dated April 19, 2009.

Subsequently, Defendant Robert Nelson wrote a Major Misconduct Report, charging Plaintiff with "substance abuse,"[2] as follows:

> On 4/19/09 R.N. Turner advised me that he had received an unsigned Healthcare Request stating prisoner Wilson in 700-48 was selling his medication in the unit and described it as small blue pills. R.N. Turner stated that Wilson does get a small blue pill called Bentyl and in fact just got a blister pack of 90 pills on 4/7/09. I called Prisoner Wilson #325150 (7-48) to HealthCare and spoke to him. I asked prisoner if he was selling his Bentyl. Prisoner states "NO". However, he does not have any due to Healthcare not providing it to him for the past two months. Officer Glynn searched Wilson's cell and did not find any Bentyl. R.N. Turn [sic] states that prisoner Wilson should have a minimum of 60 pills in his possession. Prisoner cannot produce said pills and is being deceptive about healthcare providing the medication to him. Prisoner identified by OMNI and Unit count board.

*Id.*

---

[1] Plaintiff's prescription called for him to take three pills per day. Using this calculation, the actual number of pills in Plaintiff's possession should have been 54 (12 days x 3 pills - 90).

[2] Under MDOC policy and procedure, "substance abuse" includes selling or providing a controlled substance and the unauthorized use of prescribed or restricted medication. *Id.* at p. 3.

Defendant Barbara Hawkins reviewed the Major Misconduct Report with Plaintiff as required by prison policy. (Dkt. No. 1, ¶ 25) Defendant Scott Freed is a hearings investigator and was assigned to gather evidence relevant to the charge and provide the information to the administrative hearing officer. (Dkt. No. 22, Ex. B) At the conclusion of Plaintiff's May 7, 2009 administrative hearing on the charge, Plaintiff was found guilty, with the hearing officer reaching the following conclusions:

> EVIDENCE/STATEMENT IN ADDITION TO MISCONDUCT REPORT
>
> Prisoner present. Prisoner states he gets a lot of medication. When he got new he is told to throw his old stuff away. He thinks he may have accidentally threw away the packet he received on 4.7.09. Statement of Zamora, Nelson, prisoner statement and questions. Questions not relevant or answered. Ayre statement read and confidential kite reviewed, to remain confidential.
>
> Prisoner had nothing further when asked.
>
> REASONS FOR FINDINGS
>
> The misconduct report is supported by prisoner admission makes sense, and is found credible and convincing. Prisoner testimony he accidentally threw the pills away is not believed. A confidential informant states he sold his pills. Hearing Officer finds Prisoner was issued 90 pills on 4/7/09. On 4/19/09 he should have 54 pills left. Prisoner had none when searched. His explanation he accidentally threw them away is not persuasive. It is found prisoner was selling the pills in the unit as indicated by the confidential informant. Prisoner was selling and dispensing a prescription pill.
>
> Findings, sanctions and dates discussed with prisoner.

(Dkt. No. 22, Ex. A, p. 1)

Plaintiff received a 15-day "loss of privileges" sanction; loss of 0035 disciplinary credits – but no loss of good time credits. (Dkt. No. 22, Ex. E) Plaintiff also claims that he was forced to enroll in an intensive substance abuse therapy class and was subject to "restricted placement on

medications." (Dkt No. 28, p. 7) Plaintiff sought and was denied rehearing of the hearing officer's decision. (Dkt. No. 7, p. 4 ) He then filed a Petition for Judicial Review of the hearing decision in the State Circuit Court but abandoned the petition by failing to effectuate service on the MDOC, resulting in the State Court's dismissal of the Petition for Judicial Review. (Dkt. No. 22, Ex. C)

## III. ANALYSIS

### A. Standard of Review

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 547, 587 (1986); see also *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.23d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. of Educ.,* 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56 (e).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

### B. The Disciplinary Hearing and Major Misconduct Finding Against Plaintiff Do Not Implicate a Protected Liberty Interest

Although states may, in some instances, adopt prison regulations that create liberty interests protected by the Due Process Clause, those instances are "generally limited to [regulations addressing] freedom of restraint." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Thus, where the state's action will not "inevitably affect the duration of [a prisoner's] sentence" the procedural guarantees of the Due Process Clause do not apply. *Id.* at 487.

Plaintiff claims the State of Michigan, through MDOC Policy, created a liberty interest in his prison misconduct hearing. Yet, the question of whether the outcome of Plaintiff's misconduct hearing inevitably affects the duration of his sentence cannot be answered without understanding the difference between Michigan's good time credit program, available to prisoners "serving a sentence for a crime committed before April 1, 1987" and Michigan's disciplinary credit program, available to prisoners "serving a sentence for a crime that was committed on or after April 1, 1987." *Compare* M.C.L. § 800.33(2), with M.C.L. § 800.33(3), (5). The good time credit program subtracts a certain number of days from a prisoner's overall sentence for every month he goes without being found guilty of a major misconduct or violation of the Michigan law – thereby unquestionably affecting the duration of a prisoner's sentence. M.C.L. § 800.33(2). Whereas, accumulated disciplinary credits are "deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility date and discharge date." M.C.L. § 800.33(3). In other words, a loss of disciplinary

credits does not inevitably affect the duration of a prisoner's sentence, it merely adjusts a prisoner's parole eligibility date – whether the prisoner ultimately gains release is within the discretion of the parole board. M.C.L. § 791.235; *see Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (disciplinary "credits are explicitly tied to a prisoner's parole eligibility date and discharge date.... Thus, credits do not determine when a sentence expires or is completed, but only when a prisoner is subject to parole or discharge.") (citation omitted).[3] Here, Plaintiff's crime occurred after April 1, 1987, which is why only disciplinary credits – not good time credits – were subtracted as a result of his being found guilty of a major misconduct. (Dkt. No. 22, Ex. E). Therefore, Fourteenth Amendment Due Process Clause protections do not apply.

This case is factually similar to *Nali v. Ekman*, 355 Fed.Appx. 909 (6th Cir. 2009) (attached to Plaintiff's copy of this Report and Recommendation). There, Nali, a *Michigan prisoner*, sued several corrections officials after they cited him for a major misconduct infraction. Nali – being subject to the loss of disciplinary credits – claimed he was denied his federal due process. The Sixth Circuit disagreed, reasoning as follows:

> Regarding Nali's remaining claims, *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), bars his federal due process claims. As *Sandin* makes clear, "finding[s] of misconduct," even findings that could lengthen a prison sentence, do not implicate a protected liberty interest so long as the parole board retains discretion to release a prisoner based on a "myriad of considerations" and so long as the prisoner may "explain the circumstances behind his misconduct record" to the board. 515 U.S. at 487, 115 S.Ct. 2293. In this instance, the major misconduct findings resulted in the accumulation of "disciplinary time" to Nali's sentence, a factor submitted to the parole board as one among many other considerations they may account for in deciding whether to grant

---

[3] There is also no constitutionally protected liberty interest in parole. *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010)

early release. Mich. Adm. Code R. 791.5515(2), 791.7715. Because these findings represent just one among many factors that could affect the length of Nali's indeterminate sentence and because no one denies that Nali has the right to explain the circumstances of the misconduct charge, the findings do not inevitably affect the duration of Nali's sentence and do not effect an "atypical and significant hardship on [Nali] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483, 484, 115 S.Ct. 2293; *see also Thompson v. Mich. Dept. of Corrs.*, 25 Fed.Appx. 357, 358 (6th Cir. 2002) (unpublished disposition) (concluding that a misconduct citation in the Michigan correctional system did not affect the prisoner's constitutional liberty interests).

*Nali* involved consideration of the procedures of the Michigan Parole Board, which apply with equal force to the instant action. Accordingly, Plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause and his claims against Defendants should be dismissed with prejudice.[4] The remaining arguments raised by Defendants need not be addressed, because the foregoing determination is dispositive of the case as to all Defendants.

## IV. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 22) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*,

---

[4] If a plaintiff cannot establish a violation of the Constitution or laws of the United States, his § 1983 claim "must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

    S/Mark A. Randon
    MARK A. RANDON
    UNITED STATES MAGISTRATE JUDGE

Dated: November 24, 2010

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 24, 2010.*

    *S/Melody R. Miles*
    *Case Manager to Magistrate Judge Mark A. Randon*

*Copy Mailed to:*
    **Harold Lee Wilson, II** #325150
    COOPER STREET CORRECTIONAL FACILITY
    3100 COOPER STREET
    JACKSON, MI 49201